VIRGINIA A. J. POVOLNY, as Administratrix of the Estate of FRANK A. JOHNSON, Deceased, Respondent-Appellant, v. RICHARD FARLEY et al., Appellants; BROOKLYN UNION GAS COMPANY et al., Respondents, and TERMINAL SYSTEM, INC., Defendant.— In a consolidated action to recover damages for wrongful death and for conscious pain and suffering, (1) defendants Richard Farley, Grace Farley and Frank Turner appeal from so much of a judgment of the Supreme Court, Queens County, entered June 2, 1972, as amended and resettled by an order of the same court dated August 18, 1972, as is against them and in favor of plaintiff, upon a jury verdict, and (2) plaintiff cross-appeals from so much of the judgment as is against her and in favor of defendants the Brooklyn Union Gas Company and the City of New York, upon the jury verdict. Judgment, as amended and resettled, affirmed insofar as appealed from, with one bill of costs jointly to defendants the Brooklyn Union Gas Company and the City of New York against plaintiff and with one bill of costs to plaintiff jointly against defendants-appellants appearing separately and filing separate briefs. No opinion. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT BORUM, Appellant.— Appeals by defendant from two judgments of resentence of the County Court, Nassau County, both rendered May 19, 1970, one nunc pro tunc as of March 16, 1949, upon a conviction for burglary in the third degree and petit larceny (under indictment No. 11410/49) and the other nunc pro tunc as of February 23, 1951, as a prior felony offender, upon a conviction for attempted burglary in the third degree (under indictment No. 11924/50). Both judgments affirmed. No opinion. Latham, Brennan and Benjamin, JJ., concur; Munder, Acting P. J., and Martuscello, J., concur in the affirmance of the judgment under indictment No. 11410/49, but otherwise dissent and vote to reverse the judgment under indictment No. 11924/50, as to the resentence only, and to remand the case of the latter indictment to the County Court for further resentencing, with the following memorandum: At the time of his resentence under indictment No. 11924/50 defendant was entitled to be advised pursuant to section 1943 of the former Penal Law of his right to attack the constitutionality of the predicate felony and the sentencing court should have determined such a challenge, if made, before imposing sentence (People v. Wilkins, 28 N Y 2d 213, 218–220). However, if we were not voting to reverse and remand for the reason expressed, as to that resentence, we would vote to affirm.